**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **v.** | |
| | **NO. 23-215-03** |
| **CHIHEAN JONES** | |

**O R D E R**

**AND NOW**, this 23rd day of April, 2026, upon consideration *pro se* Defendant Chihean Jones' "Memorandum Support Pro Se Defendants Motion for Sentence" (ECF No. 497) and "Present Motion for Objection to His PSI, Investigation Report for the Second Time of his Violation of His First Amendment Constitution Rights" (ECF No. 498), **IT IS ORDERED** that Defendant's motions are **DENIED**.[1]


> **BY THE COURT:**
>
> **/s/ Hon. Kelley B. Hodge**
> _____
> **HODGE, KELLEY B., J.**

---

[1] Defendant's motions challenge his sentence based on arguments already made to and rejected by this Court. (*See, e.g.*, ECF Nos. 493, 482, 395.) These motions are improper for two reasons. First, this Court does not have subject matter jurisdiction over the present motions while Defendant's appeal to the United States Court of Appeals for the Third Circuit has yet to be ruled upon. (ECF No. 503); *Venen v. Sweet*, 758 F.2d 117, 120–21 (3d Cir. 1985) ("As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982))). Second, once the Third Circuit has ruled upon Defendant's appeal, the appropriate means for a collateral attack on Defendant's conviction or sentence is under 28 U.S.C. § 2255, which provides the remedy for sentences imposed in violation of the Constitution or laws of the United States, as Defendant alleges occurred here.